**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) <br> **MORRIS SENIOR LIVING, LLC and** ) <br> **MORRIS REAL ESTATE HOLDINGS II, LLC,** ) <br> ) <br> **Debtors.** ) <br> --------------------------------------------------------------) <br> ) <br> **MORRIS HEALTHCARE &** ) <br> **REHABILITATION CENTER, LLC** ) <br> **and MAURICE SALEM,** ) <br> ) <br> **Appellants.** ) | **Case Nos. 13 C 2457 <br> and 13 C 2064** |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

This is an appeal from two orders entered in the bankruptcy of Morris Senior

Living, LLC and Morris Real Estate Holdings II LLC.  The first order, issued on March 5,

2013, found appellant Morris Healthcare & Rehabilitation Center, LLC (MHRC) in

contempt of court for violating the automatic stay, required MHRC to pay the bankruptcy

trustee's attorney's fees in an amount to be determined, and directed MHRC to promptly

dismiss three lawsuits it had filed.  The second order, issued on March 21, 2013, found

MHRC and, it appears, its attorney Maurice Salem in contempt of court for failing to

dismiss one of the three lawsuits.  The court imposed an attorney's fee award upon

MHRC arising from its failure to dismiss that suit.  The court also imposed upon Salem a

fee sanction concerning not just the failure to dismiss that suit but also based upon the

earlier filing of two of the three suits.

MHRC and Salem have appealed.  For the reasons set forth below, the Court:

(a) affirms the bankruptcy court's March 5 order finding MHRC in contempt for violating the automatic stay; (b) affirms the fee award against MHRC to the extent it is premised on the automatic stay violations; (c) reverses the March 21 contempt findings against MHRC and Salem, as well as the fee award to the extent it arises from the contempt; and (d) reverses the remaining fee sanction against Salem and remands for further proceedings.

**Background**

**1.     The bankruptcy filing and the SLF certificate**

On February 14, 2012, Morris Senior Living and Morris Real Estate Holdings II filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Illinois.  Upon the filing of the petition, the automatic stay pursuant to 11 U.S.C. § 362(a) went into effect, prohibiting actions against the debtors or their property, as well as actions to exercise control over their property.

The event that immediately prompted the bankruptcy filing was the debtors' default under the terms of various secured lending agreements with Northbrook Bank & Trust Company.  The day after the debtors filed for bankruptcy, Northbrook Bank foreclosed upon its liens on the membership interests of the owners of Morris Senior Living and in effect because the owner of that entity.

Before filing for bankruptcy, Morris Real Estate Holdings II owned a senior supportive living facility (SLF) located in Morris, Illinois, which is in Grundy County. Operating an SLF requires a license from the Illinois Department of Healthcare and Family Services (IDHFS).  The license is called an SLF certificate.  The owner of an SLF certificate may appoint a medical provider to operate the SLF.  Appellant MHRC

2

says that in 2006, it became the owner of the SLF certificate and appointed Morris Senior Living as the medical provider. IDHFS and Morris Senior Living, however, maintain that Morris Senior Living has owned the SLF certificate since at least 2009.

**2.     Initial litigation over the SLF certificate**

On April 12, 2012, the bankruptcy court appointed Gregg Szilagyi as Chapter 11 trustee for the debtors. Shortly after his appointment, on May 15, 2012, the trustee prepared and submitted to IDHFS a change of ownership application regarding the SLF certificate. The next day, MHRC commenced an action against Northbrook Bank in Grundy County state court, seeking, among other things, a declaration that MHRC is the owner of the SLF certificate. On May 16, 2012, Northbrook Bank removed MHRC's action to the bankruptcy court as an adversary proceeding. On July 2, 2012, the trustee filed a motion to intervene in that proceeding as a defendant and to assert a counterclaim for a declaratory judgment that Morris Senior Living (not MHRC) owned the SLF certificate.

At a status hearing in the adversary proceeding held on August 7, 2012, the parties and the bankruptcy court agreed to a standstill. Specifically, they agreed to stay the adversary proceeding until IDHFS could conduct an administrative hearing to determine who properly owned the certificate. In short, as of that date, there was an adversary proceeding concerning ownership of the SLF certificate already pending in the bankruptcy case, and the parties – including MHRC – had agreed to hold that adversary proceeding in abeyance pending IDHFS's administrative determination of the certificate's ownership.

### 3.     MHRC's three lawsuits concerning the SLF certificate

On January 14, 2013, however, MHRC filed suit against IDHFS in Grundy County state court (the Grundy County Action).  In its complaint in that case, MHRC requested an injunction barring IDHFS from processing the trustee's change of ownership application regarding the SLF, on the ground that MHRC owned the certificate.  MHRC also moved for a temporary restraining order.

On February 11, 2013, MHRC (together with other plaintiffs) filed another lawsuit, this one in U.S. District Court for the Northern District of Illinois, naming IDHFS and Northbrook Bank as defendants.  *See Prism Healthcare Mgmt. Grp., LLC, et al. v. Hamos, et al.*, Case No. 13 C 1136 (N.D. Ill.).  In Count 1 of the complaint, brought under the federal Medicaid Act, MHRC sought, among other things, an order enjoining IDHFS from terminating the SLF certificate issued in MHRC's name.  Morris Senior Living was named as a plaintiff in that suit.  MHRC "withdrew" the complaint two days later – significantly (as will become apparent), not by simply voluntarily dismissing it but rather by filing a motion seeking dismissal before Judge James Zagel, to whom the case had been assigned.  Judge Zagel entered an order granting the motion.

Two days after that, on February 15, 2013, MHRC, together with other plaintiffs (this time, not including Morris Senior Living), refiled essentially the same lawsuit in U.S. District Court in this district (the District Court Action).  *See Dixon Healthcare & Rehabilitation Ctr., LLC, et al. v. Hamos*, Case No. 13 C 1233 (N.D. Ill.).  This case was assigned to Judge Milton Shadur.

After the filing of each of these suits, the trustee sent written communications to MHRC's lawyer Maurice Salem, contending that the lawsuits violated the automatic stay

in the debtors' bankruptcy case as well as the standstill agreement. MHRC did not withdraw either suit.

On February 27, 2013, MHRC filed a third lawsuit, this time an adversary proceeding in the pending bankruptcy case, against IDHFS and Northbrook Bank (the Bankruptcy Adversary Action). In its complaint in that case, MHRC sought an injunction barring Morris Senior Living from operating the SLF facility, directing IDHFS to allow MHRC to operate the facility, and barring IDHFS from issuing an SLF certificate for the facility to anyone other than MHRC. MHRC did not ask the bankruptcy court to lift the automatic stay before filing this suit, just as it had not done before filing the Grundy County and District Court Actions.

**4.      The bankruptcy court's March 5 order
         regarding violation of the automatic stay**

The trustee then filed a motion before the bankruptcy court alleging that MHRC had violated the automatic stay. In that motion, the trustee sought a contempt finding against MHRC – not against Salem – for violating the automatic stay; damages resulting from the stay violations; and an order directing MHRC to promptly dismiss the three actions. The motion cited as authority 11 U.S.C. §§ 105 and 362 and Bankruptcy Rule 9020.

On March 5, 2013, after reviewing the trustee's motion and hearing oral arguments from both parties, the bankruptcy court entered an order finding that MHRC had violated the automatic stay and holding it in contempt. The bankruptcy court directed MHRC to pay the trustee his actual damages, consisting of his attorney's fees incurred in connection with: (a) the Grundy County Action, the District Court Action, the Bankruptcy Adversary Action, and the stay violations MHRC had committed in

connection with those matters; and (b) the trustee's stay violation motion.  The

bankruptcy court's March 5 order also directed MHRC to "promptly dismiss the Grundy

County Action, the District Court Action, and the Bankruptcy Adversary Action on or

before March 12, 2013."  Appellee's Br., Ex. 2.

**5.  MHRC's actions following the bankruptcy court's March 5 order**

The next day, March 6, 2013, MHRC filed a notice of appeal from the bankruptcy

court's March 5 order.  For reasons that are not completely clear, the appeal did not get

docketed in the district court until March 18, 2013.

MHRC dismissed the Grundy County Action and the Bankruptcy Adversary

Action.  With regard to the District Court Action, on March 12, MHRC filed in that case a

motion asking the district court to stay the bankruptcy court's March 5 order directing it

to dismiss the case.  Salem, MHRC's attorney, noticed the motion for hearing before

Judge Shadur on March 15, 2013, Judge Shadur's next-available motion call date.  The

trustee responded to MHRC's motion to stay on March 13.  Among other things, the

trustee stated that MHRC was in violation of the bankruptcy court's March 5 order

because it had not "sought to dismiss" the District Court Action by March 12.  Case No.

13 C 1233 (N.D. Ill.), dkt. no. 29 ¶ 20.  In its reply, filed on March 14, MHRC said it had

complied with the bankruptcy court's order, stating that pursuant to the motion it had

filed on March 12, "[o]bviously, this Court either stays the bankruptcy court order, which

directs the dismissal of this action, or it dismisses this action - there are no other

options."  Case No. 13 C 1233 (N.D. Ill.), dkt. no. 30 ¶ 6.  MHRC also noted that its

appeal from the bankruptcy court's order had not yet been assigned to a district judge,

and it stated that "since the bankruptcy court order calls for the dismissal of this action,

how can Plaintiff go to any other judge to dismiss this action[?]." *Id.* ¶ 7.

**6.      The March 15 hearing before Judge Shadur**

Judge Shadur heard MHRC's motion on March 15, 2013.  Judge Shadur started

off the hearing by stating that the request for a stay was not properly before him.  He

told attorney Salem that the stay request had to be made before the judge presiding

over MHRC's appeal and that the appeal had not been assigned to him.  Judge Shadur

noted that proper procedure requires an appeal from a bankruptcy court's order to be

docketed as a separate case, subject to random assignment.

Salem said that he was appearing before Judge Shadur because the underlying

order from which he was appealing had directed MHRC to dismiss the District Court

Action, which was pending before Judge Shadur, and that it did not seem appropriate to

have another judge deal with an order directing dismissal of Judge Shadur's case.

Judge Shadur persisted in telling Salem that the stay motion needed to be made before

whatever judge was assigned the appeal from the bankruptcy court's order.

The trustee's counsel noted that the bankruptcy court had ordered MHRC to

dismiss the lawsuit before March 12, and at this point it was already March 15.  Salem

replied to the trustee's counsel as follows:  "How can I – how can I dismiss it?  I am not

a judge.  I am not – all I could to is file a motion and ask for it to be dismissed, your

Honor."   When the trustee's counsel stated that "[t]hat is what the [bankruptcy] Court

ordered you to do," Salem replied, "And that is what I did on the 12th, your Honor.  That

is why we are before you."  Appellee's Br., Ex. 6, Ex. E at 9.

Judge Shadur concluded by stating that "I am denying the motion to stay, and

what the consequence is going to be is going to be determined someplace else."  *Id.* at

10. Following the hearing, Judge Shadur entered an order directing the district court clerk to initiate a new, separate case for the bankruptcy appeal.

### 7. The trustee's contempt motion

On March 18, 2013, the trustee filed before the bankruptcy court a motion entitled "Motion of Chapter 11 Trustee for Finding of Contempt Against Morris Healthcare & Rehabilitation Center, LLC, and for Sanctions Against Same and its Counsel." Appellee's Br., Ex. 6. The motion cited as authority 11 U.S.C. §105(a), 28 U.S.C. § 1927, and Bankruptcy Rule 9020. The motion sought, first, a finding of contempt against MHRC for failing to dismiss the District Court Action. Appellee's Br., Ex. 6 at 4-5. The second part of the motion was entitled, "MHRC's Counsel, Salem, Should be Held in Contempt and Sanctioned." *Id.* at 6. In this part of the motion, the trustee asked the court to sanction Salem for failing to dismiss the District Court Action, as well as for filing that action and the Bankruptcy Adversary Action to begin with. *See id.* at 6-7. The trustee's motion did not seek to impose a sanction on Salem in connection with the Grundy County Action.

### 8. The bankruptcy court's March 21 contempt / sanctions order

On March 21, 2013, the bankruptcy court held a hearing on the trustee's motion. Salem argued that he and MHRC had complied with the court's earlier order:

> Contrary to what counsel says, I did move. I did appeal your order on the second day, and I did move either to stay or dismiss that case. So I am in compliance with your order, and that motion is still pending up in the district court.

Appellee's Br., Ex. 8 at 26. Later in the hearing, Salem reiterated this point, pointing out that MHRC was entitled to appeal from the bankruptcy court's order and had, in conjunction with doing so, complied or attempted to comply with that order:

I have to respond to counsel. He seems to completely forget that I have a right to appeal. You issued a final order dismissing an adversary complaint. I have the right to appeal that. I did file an appeal, Your Honor, and at the same time I filed a motion to either stay your order or dismiss the case. So I am in compliance with that and I have a right to appeal pursuant to Section 158(a)(1). So there is no violation there.

*Id.* at 34. Still later in the hearing, Salem again said that he had done what he believed

he could to comply with the order to dismiss the case:

Your Honor, I have a right to appeal your order. . . . And what I did was I did that and plus I filed a motion and I have given you a copy of a reply where I specifically state that the judge should either stay your order or dismiss the case. So in my mind the way I see things, I complied with the order to dismiss the case. I'm not the court, I can't dismiss it. All I can do is in good faith present to the court to dismiss it just as it was done in the state court and here in this adversary proceeding, Your Honor.

*Id.* at 55. The bankruptcy judge inquired further: "[I]s it your position that you gave

Judge Shadur a dismissal order and he refused to enter it?" – a reference to usual

procedure in the bankruptcy court in this district, in which moving counsel typically

prepares an order for the judge to enter. *Id.* at 57. Salem replied:

In the district court it doesn't work the way it does in the bankruptcy where you submit a proposed order. They enter the order. But I did it in writing, Your Honor, and it's my Exhibit B, propose to Judge Shadur either to stay your order or to dismiss the case, which is what your order requests.

*Id.* The court asked, "Did Judge Shadur refuse to dismiss it?," and Salem replied, "Your

Honor, for technical reasons, he did not want to consider the motion." *Id.*

The bankruptcy judge pointed out to Salem that all he had to do was file a notice

of dismissal and that no order was required: "Has an answer been filed in that matter?

All it takes under Rule 41 is a notice of dismissal, right? You probably don't even need

a judge to enter an order." *Id.* at 58. The judge then asked Salem whether he had filed

a notice of dismissal. *Id.* at 59. Salem's reply indicated a lack of comprehension of

Rule 41:  "I filed a motion to stay or dismiss, Your Honor.  That's what I can to do comply with your order, and I believe I did, Your Honor."  *Id.*  And again:  "Your Honor, I complied with all of [the March 5 order].  All I can do is move to dismiss.  I did that."  *Id.* at 60.

The bankruptcy judge made an oral ruling on the trustee's motion.  The judge did not state in so many words that she was holding Salem in contempt as well as MHRC, but she imposed a $10,000 per day fine on both Salem and MHRC until they dismissed count 1 of the District Court Action, a contempt-type sanction.  *See id.* at 61.  Indeed, the judge referred to the fine as "a fine, $10,000 a day civil contempt" and commented that she did not like holding lawyers in contempt but felt she had no other alternative.  *Id.* at 62-63.

The bankruptcy judge made no oral findings, however, regarding Salem's conduct in connection with the *filing* of the lawsuits.  Rather, all of the judge's discussion following the conclusion of the parties' arguments on the trustee's contempt / sanctions motion concerned MHRC and Salem's failure to dismiss the District Court Action.  *See* Appellee's Br., Ex. 8 at 54-64.

The court's written order of March 21 – which was prepared by the trustee's counsel – was somewhat ambiguous regarding exactly who was held in contempt.  The order referred to the trustee's motion as a motion "for finding of contempt against Morris Healthcare & Rehabilitation Center, LLC ("MHRC"), and for sanctions against MHRC and its counsel, Maurice Salem ("Salem") . . . ."  Appellee's Br., Ex. 5 at 1.  The order made no reference to a contempt finding against Salem.  It said that MHRC had violated the stay order, *id.* ¶ 2, and "is hereby held in contempt," and is liable to the trustee for

his actual damages. *Id.* at 2. As to Salem, there was no reference to contempt, and the ruling against him was described differently: it said that Salem, "[f]or those reasons specified in the [trustee's] Motion and stated by the Court," had "unreasonably and vexatiously multiplied proceedings," *id.* ¶ 3, and "is liable to, and shall forthwith pay to, the Trustee his actual damages . . . ." *Id.* at 2 ¶ e.

The bankruptcy court's order also described the damages / sanctions awarded against MHRC and Salem. As to MHRC, the damages consisted of the trustee's attorney's fees in connection with filing the contempt / sanctions motion (the court's March 5 order had already awarded fees in connection with the three lawsuits). As to Salem, the damages consisted of the trustee's attorney's fees in connection with: (a) the District Court Action, the Bankruptcy Adversary Action, and the stay violations MHRC had committed in connection with those matters; (b) the trustee's stay violation motion; and (c) the contempt / sanctions motion. The court left the amount of attorney's fees for later determination.

The bankruptcy court's order also stated that "[a] fine for civil contempt in the amount of $10,000 is hereby separately imposed upon each of MHRC and Salem for each and every day (as of midnight each day) beginning at 2 pm on March 21, 2013, that MHRC fails to dismiss Count I of the District Court Action." *Id.* at 2. Later on March 21, MHRC filed a notice of voluntary dismissal of count 1 of the District Court Action.

**9.     The bankruptcy court's assessment of attorney's fees**

On April 5, 2013, the bankruptcy court assessed fees in the amount of $35,404 against MHRC and Salem, consisting of the attorney's fees the trustee had incurred in connection with the District Court Action, the Bankruptcy Adversary Action, the stay

violation motion, and the contempt / sanctions motion. The court also assessed fees in favor of the trustee against MHRC in the amount of $4,580, consisting of the attorney's fees the trustee had incurred in connection with the Grundy County Action. *See* Appellees' Br., Ex. 11.

## Discussion

This Court reviews the bankruptcy court's legal conclusions and interpretations of statutes *de novo. In re Grede Foundries, Inc.*, 651 F.3d 786, 7090 (7th Cir. 2011) (applying *de novo* review to bankruptcy court's determination that creditor's actions violated automatic stay). Decisions to hold a person in contempt or to impose sanctions are reviewed for abuse of discretion. *FTC v. Trudeau*, 662 F.3d 947, 950 (7th Cir. 2011); *In re Sokolik*, 635 F.3d 261, 269 & n.2 (7th Cir. 2011) (citing *In re Rimsat Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000)); *see also, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). An abuse of discretion occurs if the court based its decision on an incorrect legal principle or clearly erroneous factual finding, *see Trudeau*, 662 F.3d at 950, or if the court "reached an unreasonable result." *In re Sokolik*, 635 F.3d at 269.

1. **The bankruptcy court's March 5, 2013 order
   regarding violation of the automatic stay**

   a. **Due process**

   MHRC contends that the bankruptcy court's March 5 order violated its procedural due process rights. Specifically, MHRC states that it was "never given an opportunity to a hearing to determine whether its claim against IDHFS is legitimate" and that there was "never any determination or adjunction [sic] that [MHRC's] claim violated the automatic stay." Appellant's Opening Br. at 13, ¶ 46.

   The Court disagrees. Procedural due process requires adequate notice and an

opportunity to be heard. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The proceedings before bankruptcy court satisfied these requirements. First, MHRC received adequate notice. On February 26, 2013, the trustee filed and served upon MHRC his motion seeking damages and other relief for automatic stay violations. MHRC was thus made fully aware of the claims made against it. Second, MHRC had an adequate opportunity to be heard. Although the bankruptcy court did not request a response brief, it held a hearing on March 5, before ruling on the stay violation motion. At that hearing, MHRC made oral arguments and responded to the trustee's motion. The fact the bankruptcy court did not adopt MHRC's arguments about the legitimacy of its claims does not mean that MHRC lacked sufficient notice or an opportunity to be heard. Accordingly, the bankruptcy court's order did not violate MHRC's procedural due process rights.

b. **Automatic stay violation**

MHRC argues that the bankruptcy court erred in concluding that MHRC violated the automatic stay. Section 362(a)(3) of the Bankruptcy Code provides for a stay of "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The stay applies to "all entities," *id.* § 362(a), and to "almost any type of formal or informal action taken against the debtor or the property of the estate." Collier on Bankruptcy § 362.03 (16th ed. 2013). Although most subsections of section 362 are concerned with efforts to obtain money from a debtor's estate, section 362(a)(3) "reaches farther, encompassing *every* effort to exercise control over property of the estate." *Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 708 (7th Cir. 1994) (internal quotation

marks omitted) (emphasis added).

MHRC contends that it did not violate the automatic stay because the actions it commenced never named Morris Senior Living as a party and therefore have nothing to do with the debtor's estate. It argues that each of its lawsuits – which sought to enjoin IDHFS from transferring ownership of the SLF certificate to Morris Senior Living – merely aimed to protect MHRC's own rights in the certificate. The fact that an action does not name the debtor, however, is not dispositive in determining whether it seeks to "exercise control" over the debtor's estate property. *See Havlik*, 20 F.3d at 707 (injunctive action against a non-debtor general partner violated the automatic stay because it sought to exercise control over property that was to be paid to the estate by general partners); *In re Global Indus. Techs.*, 303 B.R. 753, 760 (W.D. Pa. 2004) (declaratory judgment action that did not name debtor violated automatic stay where debtor's interests in the estate property would have been adversely affected).

MHRC's request for an injunction amounted to an effort to "exercise control" over the property of at least one, and possibly both, of the debtors. First, the relief requested effectively would have entitled MHRC to operate the SLF facility on the premises owned by Morris Real Estate Holdings II. That quite literally would amount to exercising control over property owned by MHRC. In addition, had MHRC prevailed on its injunction request, as the undisputed SLF certificate holder it presumably would have had the right to appoint an entity as medical provider of the facility, a role that was being played at the time by Morris Senior Living. Thus success in one or more of the lawsuits would have put MHRC in the position of holding sway over a significant asset of Morris Senior Living, namely its contract to serve as medical provider. This would have interfered with

Morris Senior Living's ability to operate its business.  This sort of action has been found

to violate section 362(a)(3).  *Cf. In re Burgess*, 234 B.R. 793, 799 (D. Nev. 1999)

(county's revocation of brothel license violated stay); *In re Nat'l Cattle Congress, Inc.*,

179 B.R. 588, 597 (N.D. Iowa 1995) (agency's revocation of dog racing license violated

stay), *rev'd on other grounds*, 91 F.3d 1113 (8th Cir. 1996).

For these reasons, the Court upholds the bankruptcy court's determination that

MHRC violated the automatic stay.

**2.     The bankruptcy court's March 21, 2013 order sanctioning MHRC and Salem**

**a.     The contempt finding**

MHRC and Salem contend there was no appropriate basis to hold either of them

in contempt for failing to dismiss the District Court Action.  Before a court may enter a

contempt finding, there must be clear and convincing evidence that:  there was an

unambiguous command; the alleged contemnor violated it; "the violation was significant,

meaning the alleged contemnor did not substantially comply with the order"; and the

alleged contemnor did not make a reasonable and diligent effort to comply.  *See, e.g.,*

*Nat'l Spiritual Assembly of Baha'is of the U.S. Under Hereditary Guardianship, Inc. v.*

*Nat'l Spiritual Assembly of Baha'is of the U.S., Inc.*, 628 F.3d 837, 847 (7th Cir. 2010);

*see also, In re Resource Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010).  To

reemphasize the latter point, a court may not find a person or entity in civil contempt

unless it "willfully refused to comply with a court order" or failed to be "reasonably

diligent and energetic in attempting to accomplish what was ordered."  *Bailey v. Roob*,

567 F.3d 930, 935 (7th Cir. 2009) (internal quotation marks omitted).

The March 5 order directed MHRC to dismiss the Grundy County Action, the

District Court Action, and the Bankruptcy Adversary Action on or before March 12, 2013.  In response, MHRC dismissed both the Grundy County Action and the Bankruptcy Adversary Action.  With respect to the District Court Action, MHRC, via its attorney Salem, promptly filed a notice of appeal on March 6, 2013.  MHRC, of course, had the right to appeal the bankruptcy court's order.  The appeal, however, was not docketed by March 12, the bankruptcy court's deadline.  On that date, Salem filed in the District Court Action, on MHRC's behalf, a motion asking the district court to stay the bankruptcy court's March 5 order.  MHRC's reply in support of that motion made it clear that if the district court did not stay the bankruptcy court's order, it should dismiss the District Court Action.  This can only be interpreted as an effort to comply with the bankruptcy court's directive.  If MHRC had succeeded in obtaining a stay, then its obligation to drop the District Court Action would have been put on hold.  And its reply invited dismissal of the case if Judge Shadur did not stay the bankruptcy court's order.

Unfortunately, Salem and MHRC got caught in a procedural snarl.  At the hearing on March 15, Judge Shadur declined to rule on MHRC's motion, saying that it was not appropriately before him but rather had to be brought before whichever judge ended up being assigned the appeal from the March 5 order.  Salem told Judge Shadur that he had filed the motion in the District Court Action because the bankruptcy court's order directed him to dismiss that case.  He further stated that he filed the motion in the District Court Action because he did not think it would be appropriate for another judge to render an order dismissing the action that was before Judge Shadur.  Judge Shadur disagreed.  He denied MHRC's motion and directed the district court clerk to initiate a new case so that MHRC's appeal could be assigned at random to a district judge.

The bankruptcy court later pointed out that Salem could have simply filed a notice of dismissal, which would have resulted in dismissal of the case without any action by the district court. This was correct. Because none of the defendants in the District Court Action had yet filed an answer or a motion for summary judgment, Federal Rule of Civil Procedure 41(a)(1)(A)(i) permitted MHRC to dismiss the case simply by filing a notice of dismissal. It is quite clear from the record of the proceedings before the bankruptcy court, however, that Salem simply did not understand this. And the fact that Salem had this misunderstanding is circumstantially confirmed by his actions in "withdrawing" the initial district court complaint that he filed. When MHRC determined to dismiss that case just after filing it, Salem did not file a dismissal notice. Rather, he filed a motion seeking to dismiss the case, and the judge assigned to the case actually acted on the motion, granting it. These actions would have tended to confirm to Salem, albeit erroneously, that filing a motion seeking dismissal was the proper procedure.

Salem was wrong, but his error resulted from a misunderstanding of the appropriate procedure, not any sort of attempt to violate or ignore the bankruptcy court's order or to slow-walk MHRC's compliance with the order. On the record before the Court, there is no basis to conclude that Salem or MHRC's action or inaction amounted to a "willful" failure or "non-diligent" attempt to comply with the bankruptcy court's order. Salem did, in fact, attempt to comply with the order. The problem arose, initially, from the fact that he wanted to first seek a stay. But it was not in the least bit unreasonable for Salem and MHRC to seek a stay before actually dismissing the District Court Action. Though Salem filed the stay motion before the wrong judge, his decision to file that motion in the District Court Action was an understandable one, even if erroneous – as

Salem said to Judge Shadur, he did not think it would be appropriate for some other judge to deal with a motion that involved dismissal of the case before Judge Shadur.

For these reasons, there was not clear and convincing evidence of the absence of a reasonably diligent effort to comply with the March 5 order. The bankruptcy court clearly erred in concluding otherwise (though the Court notes that the bankruptcy court did not actually ever find "clear and convincing" evidence in so many words). The court thus abused its discretion in finding MHRC and Salem in contempt for failing to dismiss the District Court Action. The attorney's fee awards against both MHRC and Salem are overturned to the extent they are based on the failure to dismiss that action.

### b. 28 U.S.C. § 1927

As to Salem, there was a second basis for the bankruptcy court's March 21 sanctions order. Based on the language the court used in the order – that Salem had acted unreasonably and vexatiously – it appears that the court found that Salem had violated 28 U.S.C. § 1927, which the trustee had relied upon in his motion for sanctions. Section 1927 targets only attorneys; it provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

A court may impose sanctions against an attorney under section 1927 if the attorney "acted recklessly, . . . raised baseless claims despite notice of the frivolous nature of these claims, or . . . otherwise showed indifference to statutes, rules, or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir.

2013) (internal quotation marks omitted).

To the extent the bankruptcy court's apparent imposition of sanctions upon Salem under section 1927 is premised on the failure to dismiss the District Court Action, the Court vacates the sanctions award. As the Court has explained, Salem took reasonable steps to comply with the bankruptcy court's order requiring dismissal of that suit. His actions cannot be described as unreasonably or vexatiously multiplying the proceedings.

To the extent the bankruptcy court's sanctions award against Salem concerns the filing of the District Court Action and the Bankruptcy Adversary Action, the Court reverses and remands, for the reasons described below.

The bankruptcy court's findings regarding section 1927 were entirely conclusory. The court's only findings were in its written order, which it appears the trustee's counsel had prepared in advance of the hearing.[1] The order stated, without explanation or elaboration, that "Salem has unreasonably and vexatiously multiplied proceedings" by filing the District Court and Bankruptcy Actions and failing to dismiss the District Court Action. *See* Appellee's Br., Ex. 5 ¶ 3. The court's oral comments at the March 21 hearing shed no light on its reasoning. Moreover, the *filing* of those lawsuits was hardly discussed by counsel at the hearing, and the bankruptcy judge did not mention that topic at all in her oral findings and other comments following the conclusion of counsels' arguments.

In short, the record contains no explanation for why the bankruptcy court found

---

[1] The imposition of a $10,000 per day fine, the only part of the relief the bankruptcy court ordered that the trustee had not specifically requested in his motion, was hand-written in at the end of the written order, indicating that the typewritten order had been prepared in advance of the March 21 hearing.

Salem's conduct in filing the suits in the first place to violate section 1927.  In particular, there is no explanation regarding why, or even whether, the court believed Salem's conduct met the standards set down by the Seventh Circuit for imposing sanctions under section 1927 – standards that the court did not reference in its oral comments or the written order.  The absence of an explanation requires reversal of the sanctions decision as it relates to Salem.  *See Katz v. Household Int'l, Inc.*, 36 F.3d 670, 673 (7th Cir. 1994) (a court abuses its discretion in imposing sanctions "'with no explanation, or with an explanation that is so conclusory that the appellate court cannot review the substance of its decision.'") (quoting *LaSalle Nat'l Bank v. Cty. of DuPage*, 10 F.3d 1333, 1338 (7th Cir. 1993)).

The Court makes note of the following points for the bankruptcy court's consideration on remand.  First, it cannot be the case that every violation of the automatic stay that involves a lawyer – which likely would include *all* automatic stay violations that consist of filing a lawsuit or taking action in a lawsuit – also runs afoul of section 1927.  Without more, however, that would seem to be the upshot of the bankruptcy court's ruling, at least so far as it appears from the record.

The Court also finds it noteworthy that when the trustee first went before the bankruptcy court to seek sanctions for MHRC's violation of the automatic stay, it sought to impose a sanction only against MHRC, not Salem.  One might wonder why that was not the end of it, at least for sanctions for *filing* the lawsuits (as opposed to not dismissing them).  It appears from comments by the trustee's counsel at the later hearing on the contempt / sanctions motion that by belatedly seeking to impose on Salem the attorney's fee sanction that the trustee had already obtained against MHRC,

the trustee was hoping this would further coerce compliance with the order requiring dismissal of the District Court Action. *See* Appellee's Br., Ex. 8 at 53-54 ("[W]e didn't ask for fees against him the first time, but this is getting out of hand."; "It seems that money damages is not sufficient. Maybe money damages against the attorney will help prompt it."). This suggests that the retroactive fee award against Salem for filing the lawsuits to begin with was, in effect, part of the contempt sanction connected with the failure to dismiss the District Court Action. If so,[2] then this aspect of the fee award likewise should fall, given this Court's overturning of the contempt finding against Salem

### 3. Attorney's fees

MHRC and Salem also contest the fee award, which totals a little under $40,000. The Court vacates the fee award against Salem based on its decision to overturn the contempt / sanctions order against him. In addition, the bankruptcy court will be required, on remand, to recalculate the fee award against MHRC to eliminate that portion of the award that arises from the overturned contempt finding concerning the failure to dismiss the District Court Action.

The Court affirms, however, the fee award against MHRC to the extent it concerns the filing of the three actions in violation of the automatic stay. The bankruptcy court's March 5 order cited three sources of authority for imposing sanctions on MHRC for violating the stay – Bankruptcy Rule 9020, 11 U.S.C. § 362, and 11 U.S.C. § 105(a), but only the last of these applies. Rule 9020 states only that Bankruptcy Rule 9014 governs a motion for contempt, and Rule 9014 in turn just explains how such a motion must be made. Section 362(k) allows for an award of

---

[2] Again, given the lack of explanation by the bankruptcy court, there is no way to tell what aspect or aspects of the trustee's reasoning the court adopted.

damages, but only to an "individual injured by any willful violation of a stay." *Id.* §

362(k)(1).  Although there is a split of authority on this issue, and the Seventh Circuit

has yet to address it, the Court finds persuasive the opinions of other circuits holding

that a trustee is not an "individual" for purposes of section 362(k).  *See, e.g., In re Just

Brakes Corp. Sys., Inc.*, 108 F.3d 881, 884-85 (8th Cir. 1997) (trustee not entitled to

recover damages under section 362(k) because he acted as the representative of a

corporate entity's bankruptcy estate); *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995) (no

section 362(k) damages because trustee does not suffer harm as a natural person, but

as a representative of the bankruptcy estate); *In re Chateaugay Corp.*, 920 F.2d 183,

186 (2d Cir. 1990) (use of word "individual" within statute means damages only

available to benefit "natural persons").  *But see In re Atl. Bus. & Cmty. Corp.*, 901 F.2d

325, 329 (3d Cir. 1990) (finding "individual" may include a corporate debtor); *Budget

Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986) ([S]anctions

are not limited to the relief of an 'individual' in the literal sense.").

Section 105(a), however, authorized a fee award to the trustee for MHRC's

violation of the automatic stay; the Court finds persuasive the decisions that so hold.

*See Paloian v. Grupo Serla S.A. de C.V.*, 433 B.R. 19, 41 (N.D. Ill. 2010) ("[A]

bankruptcy court may punish a violation of the automatic stay pursuant to its civil

contempt powers codified in § 105(a)."); *In re Glenn*, 379 B.R. 760, 764 (Bankr. N.D. Ill.

2007) (trustee can recover damages for violation of automatic stay in the form of costs

and attorney's fees under section 105(a)); *In re Enyendi*, 371 B.R. 327, 335 (Bankr.

N.D. Ill. 2007) ("[A] trustee may be entitled to recover for an automatic stay violation

under section 105(a).").  Indeed, the Seventh Circuit and others have noted that a court

may use its civil contempt powers pursuant to section 105(a) to grant attorney's fees for violations of an automatic stay even if no court order was issued. *See Cent. States Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992) (suggesting that it would consider an automatic stay the equivalent of a judicial order); *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996) ("If the automatic stay provision is violated, courts generally award damages under the separate statutory contempt power of § 105."). As such, the bankruptcy court did not err in awarding the trustee his attorney's fees incurred in connection with MHRC's automatic stay violations.

MHRC argues that the amount of the fee award is unreasonable. Its argument, however, is entirely conclusory and unsupported. MHRC has therefore waived the point. *See, e.g., Jordan v. Binns*, 712 F.3d 1123, 1134 (7th Cir. 2013). The Court therefore affirms the fee award against MHRC to the extent it is based on MHRC's violations of the automatic stay, though not its failure to dismiss the District Court Action.

Finally, the trustee is not entitled to a fee award for this appeal with regard to Salem, because Salem prevailed. With regard to MHRC, the trustee won a partial victory. The Court leaves it to the bankruptcy court to address on remand whether, and to what extent, the trustee may recover from MHRC his attorney's fees that relate to his effort to uphold the fee award against MHRC.

### Conclusion

The Court directs the Clerk to enter judgment as follows: The bankruptcy court's March 5, 2013 order finding MHRC in violation of the automatic stay is affirmed. The bankruptcy court's March 21, 2013 order is vacated to the extent it finds MHRC and

attorney Salem in contempt.  The March 21, 2013 order is also vacated to the extent it imposes sanctions upon Salem under 28 U.S.C. § 1927.  The case is remanded to the bankruptcy court for further consideration of that question consistent with this decision. Finally, the award of attorney's fees against MHRC and Salem is vacated, and the case is remanded to the bankruptcy court for further consideration of that question consistent with this decision.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  October 22, 2013